**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

FERCOR, INC.
d/b/a Fritanga Tiscapa, and
COLINDRES BUILDING, LLC

    Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Fercor, Inc. doing business as Fritanga Tiscapa and Defendant Colindres Building, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" of public accommodations to determine whether they are in compliance with the ADA and ADAAG.

5. Fercor, Inc. (also referenced as "Defendant Fercor," "operator," "lessee" or "co-Defendant") is a Florida for-profit corporation that owns and operates the Fritanga Tiscapa restaurant located at 1285 West Flagler Street, Miami Florida 33135 which is further identified as Fritanga Tiscapa restaurant.

6. Colindres Building, LLC (also referenced as "Defendant Colindres Building," "Lessor," "Owner," or "co-Defendant") is a Florida limited liability company which is the owner of commercial property which is divided into three separate property Folios by Miami Dade county clerk/tax collector. The tri-sectioned parcel of property encompasses mailing addresses 1255 – 1285 West Flagler Street, Miami Florida 33135. Parcel one of three (1255 West Flagler Street, Folio 01-4102-005-9460[1]) is built out as a supermarket and also contains a parking lot to service the supermarket and the Fritanga Tiscapa restaurant (which is in parcel two of three). Parcel two of three (1285 West Flagler Street, Folio 01-4102-005-9462[2] is built out as a multi-purpose commercial building which houses several retail stores and the Fritanga Tiscapa restaurant. Parcel three of three is

---

[1] The owner of this parcel of real property is listed within Miami Dade County Records as Colindres Building, Inc., however Sunbiz records show that Colindres Building, Inc. was consolidated into Colindres Building LLC in 2013 – therefore this property ownership is delineated as Colindres Building, LLC for this complaint.

[2] Ownership of Folio 01-4102-005-9462 is Colindres Building, LLC

identified as Folio 01-4102-005-9470[3] and is utilized as a parking lot which is available for the general public and services the places of public accommodation within parcels one and two. The parking lot at Folio 01-4102-005-9470 is abutting the portion of parcel one Folio 01-4102-005-9460 and parcel two Folio 01-4102-005-9462. Parcel two of this three-part real property block contains the Fritanga Tiscapa restaurant which is the subject of the instant action.

## FACTS

7. On information and belief, Defendant Colindres Building leases a portion of its commercial property (parcel two of three) to co-Defendant Fercor who in turn has operated its Fritanga Tiscapa restaurant within that leased space.

8. Fritanga Tiscapa restaurant specializes in Nicaraguan cuisine and is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2) since it is "a restaurant, bar, or other establishment serving food or drink." The Fritanga Tiscapa restaurant is also referenced as a "restaurant" or "place of public accommodation."

9. At all times material hereto, Defendant Fercor was (and is) a company owning and operating the Fritanga Tiscapa restaurant located at 1285 West Flagler Street, Miami Florida which is open to the public. As the owner and operator of a restaurant which is open to the public, Defendant Fercor is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a supermarket; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

10. Due to the close proximity of Plaintiff's home to the 1285 West Flagler Street Fritanga Tiscapa restaurant and the specialized food choices available at the

---

[3] Ownership of Folio 01-4102-005-9470 is Colindres Building, LLC

restaurant, on January 10, 2022 Plaintiff went to that restaurant to purchase a meal and dine therein and to test it for compliance with the ADA and ADAAG.

11. Due to the fact that he perambulates with the assistance of a wheelchair, when Plaintiff was perambulating to the restaurant, Plaintiff met barriers to access due to the change in level of the parking access isle to the sidewalk leading into the restaurant. Later, while dining within the restaurant, Plaintiff had occasion to use the restroom and while in the restroom encountered multiple areas of inaccessibility.

12. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of that restaurant (Defendant Fercor) and by the owner of the commercial property which houses the restaurant (Defendant Colindres Building).

13. On information and belief, Defendant Fercor is well aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As the owner of commercial real property part of which is operated as a restaurant open to the public, Defendant Colindres Building is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2). As an investor and owner of three parcels of commercial property being used as various places of public accommodation, Defendant Colindres Building is aware of the ADA and the need to provide for equal access in all areas of its commercial properties which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its

commercial properties by insuring that it is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16. Plaintiff continues to desire to patronize the Fritanga Tiscapa restaurant but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

17. Any and all requisite notice has been provided.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in

5

>order to address the major areas of discrimination faced on a daily by people with disabilities.

>42 U.S.C. §12101(b)(1)(2) and (4).

21. Prior to the filing of this lawsuit, Plaintiff personally visited the Fritanga Tiscapa restaurant to enjoy a meal and test it for compliance with the ADA/ADAAG, however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

22. Defendant Fercor (operator of the Fritanga Tiscapa restaurant) and Defendant Colindres Building (owner of the property housing the restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Fritanga Tiscapa restaurant.

24. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with

Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26. Defendant Colindres Building's commercial property which is leased (in part) to Defendant Fercor is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.* Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Fercor (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty perambulating to the restaurant as the transition from the designated accessible parking space access isle to the sidewalk has a change in level which is outside of the allowances as delineated within the ADAAG and 2010 Standards for Accessible Design. This is a violation of Section 4.3.8 of the ADAAG which states that if an accessible route has changes in level greater than ½ in (13 mm), then a curb ramp or ramp must be provided; in this instate case, no ramp has been provided for this level change. This is a violation of Sections 4.5 and 4.7.4 which state that ground and floor surfaces along accessible routes, walks, ramps, stairs, and curb ramps, shall be stable, firm, and slip-resistant; Section 4.5.2 states that changes in level between ¼ in and ½ in (6 mm and 13 mm respectively) shall be beveled with a slope no greater than 1:2, and changes in level above ½ in. require a ramp. This is also a violation of Sections 206.2, 403.4 and 406 of the 2010 ADA Standards for Accessible Design. Section 206.2 requires that at least one accessible route shall connect accessible elements and accessible spaces on the same site.

    ii. As to Defendant Fercor (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), the men's restroom sign is mounted on the door leaf without braille or raised letters, violating Section 4.1.3(16) and Section 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

    iii. As to Defendant Fercor (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door without assistance, as the restroom door has a knob style door handle, which is in violation of 28 C.F.R. Part 36, Section 4.13.9 of the ADAAG, and ADA/ABA Design Compliance Code §309.4 (operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds). This is also a violation of Section 404.2.7 of the 2010 ADA Standards for Accessible Design which states that door hardware must be operable with a closed fist or a loose grip.

    iv. As to Defendant Fercor (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the bathroom area without assistance, as the required maneuvering clearance on the pull side of the door is not provided. This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design (maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance). Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear

  maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

v. As to Defendant Fercor (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not use the restroom without assistance, as the required clear floor space was not provided due to the dimensions. Failure to provide compliant clear floor space in the restroom is a violation of Sections 4.2.3 and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standards for Accessible Design. Section 4.22.3 states that an unobstructed turning space must comply with Section 4.2.3within an accessible toilet room. Section 4.2.3 and Section 304.3 give the dimensions of wheelchair turning space as the space required for a wheelchair to make a 180-degree turn being clear space of 60 in (1525 mm) diameter (Sec 4.2.3 Fig. 3(a)) or a T-shaped space (Sec 4.2.3 Fig. 3(b)).

vi. As to Defendant Fercor (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the restroom area without assistance, as the required door clear width is not provided. The fact that the doorway opening does not have the required clear width is a violation of Section 4.13.5 of the ADAAG which states that doorways shall have a minimum clear opening of 32 in (815 mm) with the door open 90 degrees, measured between the face of the door and the opposite stop (Fig. 24 (a), (b), (c), and (d)). Openings more than 24 in (610 mm) in depth shall comply with 4.2.1 and 4.3.3 (Fig. 24 (e)). This is also a violation of Section 404.2.3 of the 2010 ADA Standards for

        Accessible Design which states that door openings shall provide a clear width of 32 inches minimum.

vii.    As to Defendant Fercor (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall).

viii.    As to Defendant Fercor (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the accessible stall does not provide the required clear floor space because the lavatory is encroaching over the accessible toilet compartment clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall). This is also a violation of Section 4.17.3 which states that the arrangement of the stall must

        comply with specification supplied in Figures within Section 4.17.3, which the instant toilet compartment does not comply.

ix.    As to Defendant Fercor (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the accessible stall does not provide the required clear floor space because of the encroaching urinal. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design.

x.    As to Defendant Fercor (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not flush the toilet without assistance, as the toilet compartment water closet flush control is mounted toward the wall side, in violation of Section 4.16.5 of the ADAAG which states that flush controls shall be mounted on the wide side of toilet areas no more than 44 in (1120 mm) above the floor and shall comply with Section 4.27.4 in that they shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist.  The non-compliant flush control is also in violation of Section 604.6 of the 2010 Standards for Accessible Design which states that flush controls shall be located on the open side of the water closet (except in ambulatory *accessible* compartments complying with Section 604.8.2).

xi.    As to Defendant Fercor (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is missing. This is a violation

        of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.2 and 609.4 of the 2010 ADA Standards for Accessible Design. Section 609.4 states that grab bars shall be 36 inches (915 mm) maximum above the finished floor measured to the top of the gripping surface. Grab bars are required to be installed in a horizontal position 18 inches (455 mm) minimum and 27 inches (685 mm) maximum above the finished floor measured to the top of the gripping surface.

xii.    As to Defendant Fercor (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is missing. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.1 and 609.4 of the 2010 ADA Standards for Accessible Design. Section 609.4 states that grab bars shall be 36 inches (915 mm) maximum above the finished floor measured to the top of the gripping surface. Grab bars are required to be installed in a horizontal position 18 inches (455 mm) minimum and 27 inches (685 mm) maximum above the finished floor measured to the top of the gripping surface.

xiii.   As to Defendant Fercor (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. This is in violation of Section 4.16.6 and Fig. 29 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water

        closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finished floor. The subject toilet paper dispenser is in violation of these sections.

xiv. As to Defendant Fercor (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink without assistance, as the lavatory sink does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. This is in violation of the requirements in Section 4.19.2 of the ADAAG which states that lavatories shall be mounted with the rim or counter surface no higher than 34 in (865 mm) above the finished floor. The appropriate knee clearance must be at least 27" (685 mm) high, 30" (760 mm) wide, and 19" (485 mm) deep underneath the sink. This is also a violation of Section 606.2 of the 2010 ADA Standards for Accessible Design which requires compliance with Section 306.3 (Fig. 306.3). Section 606.3 also states that lavatories shall be mounted with the rim or counter surface no higher than 34 in above the finished floor.

xv. As to Defendant Fercor (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror (inside the stall) as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finished floor or ground and mirrors not located above lavatories or countertops shall

be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finished floor or ground.

27.     Pursuant to 42 U.S.C. §12101et seq. and 28 C.F.R. §36.304, Defendants have been required to make the Fritanga Tiscapa restaurant commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

28.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the Defendant Colindres Building, LLC (owner of the commercial property) and Defendant Fercor, Inc. (operator of the Fritanga Tiscapa restaurant located therein) and requests the following relief:

a)     The Court declare that Defendants have violated the ADA;

b)     The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)     The Court enter an Order requiring Defendants to alter the commercial property and the Fritanga Tiscapa restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)     The Court award reasonable costs and attorneys fees; and

e)       The Court award any and all other relief that may be necessary and appropriate.

Dated this 24th day of February 2022.

                                           Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*